# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE           )
                            )
v.                          )        I.D. No. 1601018537
                            )
GREGORY PARKER,             )
                            )
Defendant.                  )

Submitted: March 2, 2020
Decided: August 24, 2020

*Upon Defendant's Motion for Postconviction Relief,*
**DENIED.**

## ORDER

Periann Doko, Esquire, Deputy Attorney General, Department of Justice, 820 North French Street, Wilmington, DE 19801, Attorney for the State.

Gwendolyn M. Osborn-Gustavson, Esquire, Schwartz & Schwartz, Attorneys at Law, P.A., 1140 South State Street, Dover, DE 19901, Attorney for Defendant Gregory Parker.

**WHARTON, J.**

This 24th day of August, 2020, upon consideration of Defendant Gregory Parker's ("Parker") timely *pro* se Motion for Postconviction Relief ("PCR),[1] postconviction counsel's Amended Motion for Postconviction Relief,[2] the affidavit of trial counsel[3], the State's Response to Defendant's Motion for Postconviction Relief,[4] Parker's Reply to State's Answer to Defendant's Motion for Postconviction Relief,[5] and the record in this matter, it appears to the Court that:

1. On November 13, 2017 Parker pled guilty to Murder Second Degree and Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF").[6] The plea agreement provided for open sentencing, although 12 years of any sentence the court imposed would be a minimum mandatory sentence.[7] On February 2, 2017, after the completion of a presentence investigation, the Court sentenced Parker to 25 years at Level V, suspended after 20 years for decreasing levels of probation on the murder charge and five years on the PDWDCF charge.[8]

2. On November 26, 2018, Parker filed a *pro se* Motion for Postconviction Relief,[9] which he refiled on January 2, 2019, alleging three claims of ineffective

---

[1] D.I. 26, refiled as D.I. 30.
[2] D.I. 45.
[3] D.I. 48.
[4] D.I. 47.
[5] D.I. 52.
[6] D.I. 22.
[7] *Id.*
[8] D.I. 25.
[9] D.I. 26.

assistance of counsel ("IAC"),[10] His request for appointment of counsel was granted on January 7, 2019.[11] Postconviction relief ("PCR") counsel was appointed May 14, 2019.[12] PCR counsel filed an Amended Postconviction Relief Motion ("AMPCR") on October 2, 2019.[13] Pursuant to the Court's Order, trial counsel submitted his affidavit responding to the IAC allegation in the AMPCR on November 8, 2019.[14] The State responded on December 6, 2019,[15] and Parker replied on March 2, 2020.[16]

3.      In his APCR Motion, Parker asserts a single claim of IAC which amplifies one of the grounds he alleged in his *pro se* motion, and waives the other two claims.[17] Parker's IAC allegation claims that trial counsel was ineffective at his sentencing hearing by failing to assemble and present mitigating evidence, failing to properly prepare Parker to address the Court, and for suggesting a sentence longer that Parker wanted him to recommend.[18] Trial counsel states that he did his best to prepare Parker, whom he described as "an uncooperative and recalcitrant client," for sentencing.[19] Citing the sentencing hearing transcript, he also maintains that he did argue a variety of mitigating factors, which he had developed through his

---

[10] D.I. 30.
[11] D.I. 34.
[12] D.I. 40.
[13] D.I. 45.
[14] D.I. 48.
[15] D.I. 47.
[16] D.I. 52.
[17] D.I. 45.
[18] *Id.*
[19] D.I. 48.

3

conversations with Parker and through a psycho-forensic examiner, to the Court.[20] It its response, the State argues that Parker has failed to meet either the performance of prejudice prongs of *Strickland*.[21] The State further argues that trial counsel did argue a number of mitigating factors at sentencing and disputes Parker's assessment of the effect of his allocution on the Court.[22]

4. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[23] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[24]

5. Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[25] A motion is considered repetitive and therefore barred if it asserts any ground for relief "not asserted in a prior post-conviction proceeding."[26] Repetitive

---

[20] *Id.*
[21] D.I. 47.
[22] *Id.*
[23] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[24] *Id.*
[25] Super. Ct. Crim. R. 61(i)(1).
[26] Super. Ct. Crim. R. 61(i)(2).

4

motions are only considered if it is "warranted in the interest of justice."[27] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[28] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[29] Former adjudications are only reconsidered if "warranted in the interest of justice."[30]

6.    This APCR Motion is a timely first motion for postconviction relief alleging IAC. Accordingly, the Court will consider the AMPCR on its merits.

7.    To bring an ineffective assistance of counsel claim successfully, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficiencies prejudiced the claimant by depriving him or her of a fair trial with reliable results.[31] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[32] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[33] "[A] court must indulge in a strong presumption that

---

[27] *Id.*

[28] Super. Ct. Crim. R. 61(i)(3).

[29] Super. Ct. Crim. R. 61(i)(4).

[30] *Id.*

[31] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[32] *Id.* at 667-68.

[33] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

5

counsel's conduct falls within the wide range of reasonable professional assistance."[34]

A successful Sixth Amendment claim of ineffective assistance of counsel requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[35] When addressing the prejudice prong of the ineffective assistance of counsel test in the context of a sentencing, the Delaware Supreme Court has held that:

> *Strickland* requires that a court assess whether "counsel's representation fell below an objective standard of reasonableness," and whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." And a reasonable probability is the probability sufficient to "swa[y] a reasonable sentencing judge to decide [the defendant's] sentence differently"[36]

Both the United States Supreme Court and the Delaware Supreme Court have recognized that the American Bar Association standards are "guides to determining what [constitutes] reasonable [representation].[37] Those standards advise:

> sentencing counsel should: (1) 'be fully informed regarding available sentencing alternatives'; (2) consider and explain the consequences of the various dispositions available to the accused; (3) 'alert the accused to the right of allocution'; and (4) 'consider with the client the potential benefits of the judge hearing a personal statement from the defendan[t] as contrasted with the possible dangers of making a statement that could adversely impact

---

[34] *Strickland*, 446 U.S. at 689.
[35] *Id.* at 694.
[36] *Harden v. State*, 180 A.3d 1037, 1045 (Del. 2018), (quoting *Taylor v. State*, 32 A.3d 374, (Del. 2011)).
[37] *Id.* at 1046, citing *Padilla v. Kentucky*, 559 U.S. 356, 366 2010) (quoting *Strickland*, 466 U.S. at 688).

6

the sentencing judge's decision or the merits of an appeal.'[38]

An inmate must satisfy the proof requirements of both prongs to succeed on an ineffective assistance of counsel claim. Failure to do so on either prong will doom the claim and the Court need not address the other.[39]

8.    The Court is well positioned to assess trial counsel's effectiveness in representing Parker at sentencing for the obvious reason that it was a witness to counsel's performance. Parker challenges his trial counsel's efforts in conducting a mitigation review, citing an absence of character references, or an investigation of the relationship between Parker and the victim. Unfortunately, postconviction counsel has provided the Court with neither character references, nor the results of any such investigation. As a result the Court is unable to assess the value of either. Moreover, trial counsel and a psycho-forensic evaluator with his office met many times with the Parker in an effort to develop mitigation evidence. These efforts met with some success in that trial counsel was able to negotiate a plea to a reduced homicide charge. Much of that mitigation evidence is found in the Psycho-Forensic Evaluation report of Mandell J. Much, Ph.D. which was provided to the Court as part of the presentence investigation. This substantial mitigation information provided by trial counsel,

---

[38] *Id.* (citing ABA STANDARDS FOR CRIMINAL JUSTICE: THE DEFENSE FUNCTION, Standard 4-8.3(a), (b), (f) (4th ed. 2015)).
[39] *Strickland,* 466 U.S. at 697; *Ploof v. State,* 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").

7

which was essentially unchallenged by the State, reflects favorably on trial counsel's mitigation efforts. Having provided this information to the Court, it was unnecessary for trial counsel to dwell on it beyond the objectively reasonable argument he made at the sentencing hearing. Accordingly, the Court finds Parker has failed to demonstrate performance deficiency or prejudice in these two areas.

9. The Court next turns to Parker's claim that he was inadequately prepared for his sentencing allocution, resulting in an allocution that made a poor impression on the Court. On this point, unlike counsel, the Court does not need to speculate on the effectiveness of Parker's allocution. The Court knows. It accepts that trial counsel made efforts to persuade Parker that he should accept responsibility and express remorse in his allocution, and that trial counsel did his best to prepare Parker for sentencing. What postconviction counsel appears to misunderstand is that the Court was not put off by Parker's sentencing comments. Instead, the Court was persuaded that Parker was not a violent person and was genuinely remorseful, even to the extent of seriously contemplating suicide. Further, the Court addressed with Parker the disparity between the forensic analysis of the crime scene and his version of the event (even acknowledging that Parker might believe his version), not in an effort to challenge him, but to explain its sentence to him.[40] In sum, neither Parker's allocution, nor any alleged deficiencies in trial counsel's preparation of him for it had any adverse effect on his sentence. Similarly, the Court views trial counsel's

---

[40] Tr. Sent. Hrg. (Feb. 2, 2018) at 16, D.I. 37.

8

sentencing recommendation of 22-25 years as a strategically reasonable attempt to present a plausible alternative to the Court in order to avoid the longer sentence recommended by the State. The facts of the crime are what dictated the Court's sentence, not anything trial counsel or Parker did or said at sentencing. On these points as well, the Court finds that Parker has failed to meet his burden under both prongs of *Strickland.*

**THEREFORE,** the Defendant's Amended Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

9